## No. 309
## FREDERICK v. AKRON (City-
Ohio Appeals, 9th Dist., Summit County
Decided Feb. 11, 1924

791. MUNICIPAL CORPORATIONS—Failure of municipality to pass necessary legislation to take over water mains, privately extended beyond corporate limits, precludes recovery therefor after annexation of teritory and use of mains by municipality.

1105. STATUTES—Statutes creating liability against municipality for taking over water mains on annexation of territory must be strictly construed—Recovery for conversion by municipality of water mains privately constructed was denied because owner wanted mains to be so used.

Published Only in Ohio Law Abstract

PARDEE, J.

Frederick brought his action in the Common Pleas to recover from the city the reasonable value of water mains and water pipes laid by him at his own expense, outside the city limits, as they existed prior to annexation, which occurred April 15, 1920. Judgment was rendered in favor of the city and Frederick seeks reversal.

Before and after Nov. 1, 1919, plaintiff owned an allotment known as "Perkins Park Heights" which, prior to April 15, 1920, was outside the city limits and since that date is within the corporate limits.

Prior to Nov. 1, 1919, plaintiff procured an information bulletin from defendant and on or about Nov. 1, made an application in writing upon the form provided by the Director of Public Service for the connection of privately constructed water mains to the Municipal water system, and on or about Nov. 7, 1919, he entered into a written contract with the city for the connection of such water mains to the Municipal water system, he expressly agreeing that he would pay the sole cost and expense of furnishing and the laying of water pipes in accordance with the methods required by the city and pay the city for preparation of the plans and inspecting the work of laying the water mains and pipes which he placed in the streets of his allotment.

When the allotment was annexed to the city, April 15, 1920, a large part of the pipes and mains had been laid by him at his own expense and shortly thereafter the city connected the pipes and mains to its water system and used them for the purpose of delivering waters to users whose properties were located beyond his allotment, and after annexation the city made certain changes in the mains and pipes at its own expense and connected fire hydrants for the use of its fire department.

Frederick claims that he is entitled to compensation from the city (1) by virtue of 3967 and 3969 GC, and (2) because the city converted the plaintiff's property to its own use.

It was conceded that the council had not passed a resolution as provided in 3967 GC. at the time the contract was made between the parties, by reason of which the defendant claims there is no liability upon it to pay the reasonable value of the mains. The Court of Appeals held:

That inasmuch as council had never passed the resolution provided in 3967 GC. and that being the only method provided by statute for creating liability upon the city to reimburse Frederick he was not entitled to recover. Frederick's claim was not founded upon contract and since it rested entirely upon an obligation created by law, the statute creating the liability should be strictly construed and having failed to follow the statute, no liability arises.

With reference to the use of the water mains, the city did what the plaintiff wanted it to do, so that the plaintiff is not entitled to recover for conversion.

Attorneys—Jesse P. Dice and E. C. Myers, for Frederick; H. M. Hagelbarger, C. T. Moore and W. A. Kelly, for the City; all of Akron.